UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD COLEMAN<br>979 Parkside Place<br>Cincinnati, OH 45202<br><br>　　　　Plaintiff<br><br>v.<br><br>WIDMER'S<br>aka C&C Clean Team Enterprises, LLC<br>2016 Madison Road<br>Cincinnati, OH 45208<br><br>　　　　Defendant. | : : : : : : : : : : : : : | CASE NO. _____<br><br>Judge _____<br><br>**COMPLAINT WITH JURY DEMAND<br>ENDORSED HEREON** |

## I. THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Gerald Coleman is a former employee of Widmer's aka C&C Clean Team Enterprises, LLC (hereafter "Defendant" or "Widmer's").

2. Defendant has been at all material times an "employer" within the meaning of the Americans With Disabilities Act, as amended ("ADAA").

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 because it arises under federal law, specifically the ADAA.

4. Because at all material times Plaintiff has resided in Hamilton County, Ohio and Defendant has done business in Hamilton County, Ohio and because the claims alleged herein arose in Hamilton County, Ohio, this action is properly venued in this Court.

## II. FACTUAL ALLEGATIONS

5. Plaintiff was hired by Defendant in January 2000.

6. Plaintiff was employed as a route salesdriver.

7. Plaintiff remained throughout his employment qualified for continued employment.

8. Plaintiff injured his back in October 2017 and then again in January 2018.

9. In February 2018, after an MRI, Plaintiff's back condition was diagnosed as a bulging disc and a pinched nerve.

10. The major life activities affected by Plaintiff's back condition include without limitation standing, sitting, lifting, carrying, sleeping and working.

11. While employed by Defendant, Plaintiff was treated for his back condition.

12. While employed by Defendant, Plaintiff had a "disability" within the meaning of the ADAA. Specifically, Plaintiff had an impairment that substantially limited at least one of his major life activities and/or he had a record of such an impairment and/or he was regarded as having such an impairment.

13. Because of his "disability", Plaintiff needed an accommodation.

14. For example, Plaintiff needed as an accommodation his taking time off work to be treated for and to recover from his "disability".

15. Plaintiff requested of Defendant a reasonable accommodation.

16. For example, Plaintiff, whose last day of active employment was February 3, 2018, requested time off work to be treated for and to recover from his "disability".

17. Plaintiff's employment was terminated by letter dated March 8, 2018 and signed by Chris Von Nida, CFO/Owner.

18. Plaintiff received this letter on March 10, 2018.

19. After notifying Plaintiff of the termination of his employment, the letter concluded: "We appreciate your past service, but operationally deem it necessary to find a permanent replacement for the route position you last physically performed on February 3, 2018."

20. The reason given by Defendant for Plaintiff's termination is pretextual.

21. Defendant discriminated against Plaintiff and terminated his employment because of "disability".

22. Defendant failed to make reasonable accommodation to known limitations related to Plaintiff's "disability".

23. Defendant discriminated against Plaintiff, denied him employment opportunities and terminated his employment because of the need to make reasonable accommodation to the impairments related to Plaintiff's "disability".

24. The discrimination and wrongful conduct alleged herein was willful, wanton and malicious and was done in gross and reckless disregard of Plaintiff's legal and employment rights.

25. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer loss of pay and benefits, mental and emotional anguish and distress, humiliation, embarrassment and loss of reputation.

26. On June 15, 2018, Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination alleging Defendant had discriminated against him because of "disability" in violation of the ADAA.

27. On or after February 19, 2019, the EEOC issued with respect to Plaintiff's Charge of Discrimination a Dismissal and Notice of Rights/Notice of Suit Rights (commonly referred to as a "Notice of Right to Sue").

28. This action has been filed within 90 days of Plaintiff receiving the Notice of Right to Sue.

29. All conditions precedent to bringing this action under the ADAA have been satisfied or have occurred.

## COUNT I
## (Disability Discrimination)
## (ADAA)

30. Plaintiff realleges paragraphs 1 through 29 of this Complaint.

31. By discriminating against and terminating the employment of Plaintiff because of "disability", as alleged in paragraphs 21-23, Defendant violated the ADAA.

WHEREFORE, Plaintiff demands judgment against Defendant for an amount to be determined at trial, for interest, costs and attorney's fees.  Specifically, Plaintiff demands compensatory and punitive damages, back pay and lost benefits, front pay, attorneys fees and costs, pre and post-judgment interest and all other appropriate legal, declaratory and equitable relief.

Respectfully submitted,

_____
MARTIN McHENRY (0022543)
Trial Attorney for Plaintiff
414 Walnut Street, Suite 315
Cincinnati, OH  45202
Phone: 513-241-0441
e-mail: martinm@mmchenrylaw.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

_____
MARTIN McHENRY (0022543)
Trial Attorney for Plaintiff
414 Walnut Street, Suite 315
Cincinnati, OH 45202
Phone: 513-241-0441
e-mail: martinm@mmchenrylaw.com